IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY G. DENTON, | No. 2:13-CV-2579-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| D. DEROCO, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.  On January 10, 2017, the court ordered plaintiff to show cause in writing within 30 days why this action should not be dismissed for failure to state a claim.  Plaintiff was warned that failure to file a response could result in dismissal of the action, both for the reasons outlined in the order to show cause as well as for failure to comply with court orders.  See Local Rule 110.  Plaintiff has failed to file a response to the court's January 10, 2017, order.

/ / /

/ / /

1

In the order to show cause, the court summarized plaintiff's allegations as follows:

> Plaintiff names the following as defendants: (1) Deroco; (2) Henrich; (3) Guzman; (4) Lidge; (5) Sacks; (6) Ahrens; and (7) McCollough.  Plaintiff states that, on December 3, 2012, he refused to enter his assigned cell during a lockdown of Crip inmates because he is not a member of that gang.  Plaintiff was told that the only way to avoid the lockdown was to find a cellmate who was a "non-affiliate."  Plaintiff states that he asked defendant McCollough to help him with the issue and that defendant McCollough said he would "check the board."  On December 4, 2012, plaintiff moved into a cell with inmate Pearson.
> Plaintiff next states that he had an "altercation" with inmate Pearson the following day and that he informed defendant McCollough that he needed a cell move.  According to plaintiff, he was told by defendant McCollough that it was too late in the day for a cell move and that he had already moved a few days ago.  Plaintiff alleges that he was attacked by inmate Pearson on December 11, 2012.  According to plaintiff, the attack rendered him unconscious.  When plaintiff awoke, he was surrounded by officers asking if he was okay.  Plaintiff was immediately transported to the medical clinic and treated for a cut lip and lumps on his forehead.  Plaintiff was provided pain medicine and an ice pack.  As a victim of an in-cell assault, plaintiff was protectively placed in administrative segregation.
> Plaintiff alleges that, while in administrative segregation, he overheard inmate Pearson, who had been moved to a cell a few doors down, say that he had "been warning 'these fools'" that assigning him (Pearson) a cellmate would cause problems.  According to plaintiff, he learned from this overheard conversation that inmate Pearson had prior problems with cellmates.  Plaintiff adds that Pearson had been approved for single-cell status but that approval had been withdrawn by defendant Deroco to retaliate against Pearson.  Plaintiff adds that he overheard Pearson say that he had been placed back on single-cell status as a result of the attack on December 11, 2012.  According to plaintiff, he confirmed all this when he had a conversation with inmate Pearson on December 22, 2012.
> Next, plaintiff claims that, upon return of his personal property on January 29, 2013, he discovered that some of inmate Pearson's paperwork and other effects had been mistakenly packed with his own.  Among these items was an April 6, 2012, "classification chrono" stating that Pearson had been having homicidal thoughts at the prospect of being assigned a cellmate.
> Plaintiff alleges that defendants' conduct endangered his safety, in violation of the Eighth Amendment.

/ / /

/ / /

/ / /

Regarding the legal sufficiency of these allegations, the court stated:

> The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.
>
> Under these principles, prison officials have a duty to take reasonable steps to protect inmates from physical abuse.  See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982); Farmer, 511 U.S. at 833.  Liability exists only when two requirements are met:  (1) objectively, the prisoner was incarcerated under conditions presenting a substantial risk of serious harm; and (2) subjectively, prison officials knew of and disregarded the risk.  See Farmer, 511 U.S. at 837.  The very obviousness of the risk may suffice to establish the knowledge element.  See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).  Prison officials are not liable, however, if evidence is presented that they lacked knowledge of a safety risk.  See Farmer, 511 U.S. at 844.  The knowledge element does not require that the plaintiff prove that prison officials know for a certainty that the inmate's safety is in danger, but it requires proof of more than a mere suspicion of danger.  See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986).  Finally, the plaintiff must show that prison officials disregarded a risk.  Thus, where prison officials actually knew of a substantial risk, they are not liable if they took reasonable steps to respond to the risk, even if harm ultimately was not averted.  See Farmer, 511 U.S. at 844.
>
> In this case, plaintiff has not stated a claim.  Specifically, plaintiff has not alleged facts to indicate that the named defendants were aware of any risk of serious harm to plaintiff if he were assigned to the same cell as inmate Pearson.  While plaintiff has alleged that defendant Deroco withdrew Pearson's single-cell status chrono in order to retaliate against Pearson, plaintiff does not allege that Deroco had any reason to believe that doing to could result in a safety risk.  In particular, there is no indication from the facts alleged that Deroco – or any named defendant for that matter – knew about the supposed April 6, 2012, classification chrono stating that Pearson was having homicidal thoughts at the prospect of being assigned a cellmate.

In light of the foregoing, and given plaintiff's failure to respond to the court's order to show cause, the court finds that plaintiff's complaint fails to state a claim.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed for failure to state a claim; and
2. The Clerk of the Court is directed to enter judgment and close this file.

DATED: March 1, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE